In the Matter of Disciplinary Proceedings Against
John E. Sheehan, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

John E. Sheehan, Respondent.

Supreme Court

*No. 2006AP842–D. Decided January 5, 2007.*

2007 WI 3

(Also reported in 725 N.W.2d 627.)

¶ 1. PER CURIAM. Attorney John E. Sheehan has filed a petition for consensual license revocation

pursuant to SCR 22.19[1] stating that he cannot successfully defend against seven counts of misconduct charged in a pending disciplinary action as well as allegations of misconduct currently under investigation.

¶ 2. The referee filed a report and recommendation that this court revoke Attorney Sheehan's license to practice law and order he pay the entire costs of the disciplinary proceeding. No objection has been filed. On August 31, 2006, the Office of Lawyer Regulation (OLR) filed a statement of costs of $4072.93.

¶ 3. Attorney Sheehan was admitted to practice law in Wisconsin in 1968 and most recently practiced in Beloit. There is no indication of any previous disciplinary history.

¶ 4. The seven counts of misconduct arise from 16 client matters. Counts One and Two involve the mishandling of client funds. The referee concluded that by failing to promptly notify the clients in writing and promptly deliver the funds to which they were entitled and, upon request, render a full accounting, Attorney

---

[1] SCR 22.19 states in relevant part:  Petition for consensual license revocation.

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

. . . .

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

Sheehan violated former SCR 20:1.15(b),[2] as alleged in Count One. The referee further concluded that by misappropriating client funds and making misrepresentations regarding payment delay, Attorney Sheehan engaged in misconduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c),[3] as alleged in Count Two.

¶ 5. Counts Three through Seven involve trust account record keeping and commingling violations. The referee determined that by failing to account for and deliver funds belonging to numerous clients, Attorney Sheehan failed, upon receiving funds in which a client has an interest, to promptly notify the client in writing and to deliver to the client, funds that the client or a third party was entitled to receive, contrary to current SCR 20:1.15(d)(1),[4] as alleged in Count Three of the complaint.

---

[2] Former SCR 20:1.15 applied to misconduct committed prior to July 1, 2004. It provided in pertinent part:

> (b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[3] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] SCR 20:1.15(d)(1) provides: Prompt notice and delivery of property.

> (1) Notice and disbursement. Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly

¶ 6. The referee determined that by misappropriating funds belonging to numerous clients, Attorney Sheehan engaged in dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c), as alleged in Count Four.

¶ 7. The referee also concluded that by failing to create and keep the required trust account records from 1992 forward, Attorney Sheehan failed to keep records as required for his trust account, contrary to SCR 20:1.15(e),[5] now cited as SCR 20:1.15(f), as alleged in Count Five.

---

notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[5] Former SCR 20:1.15(e) provided:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

¶ 8. The referee further determined that by depositing a fee payment from the public defender's office to his client trust account, and issuing payments to personal creditors using trust account funds, Attorney Sheehan violated former SCR 20:1.15(a),[6] now cited as SCR 20:1.15(b)(1), stating that no funds belonging to the law firm or lawyer, except those reasonably sufficient to pay service charges, may be retained or deposited in the trust account, as alleged in Count Six.

¶ 9. The referee concluded that by not providing the OLR with documents and information as requested, Attorney Sheehan willfully failed to provide relevant information, to answer questions fully and furnish documents, and misrepresented information in a disclosure to the OLR, contrary to SCR 22.03(6),[7] as alleged in Count Seven.

¶ 10. Three grievances are under investigation, which were filed by clients referenced in the disciplin-

---

[6] Former SCR 20:1.15(a) provided:

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. . . .

[7] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

ary complaint lodged against Attorney Sheehan involving the above seven counts of misconduct.

¶ 11. We determine that the petition for consensual license revocation shall be granted and that Attorney Sheehan's license should be revoked effective the date of this order. In response to this court's order to show cause, the OLR is not seeking restitution at this time. Attorney Sheehan shall bear the costs of this disciplinary proceeding.

¶ 12. IT IS ORDERED that the license of John E. Sheehan to practice law in Wisconsin is revoked effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that John E. Sheehan shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been revoked, to the extent he has not already done so.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order John E. Sheehan shall pay $4072.93 to the Office of Lawyer Regulation for the costs of this proceeding.